IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and SAFECO INSURANCE COMPANY OF ILLINOIS<br>　　　　Plaintiffs,<br><br>vs.<br><br>CRAIG MCBEATH, VALERIE ANN BALDO, as an Individual and as Representative of her children M.G. and O.G, and CRYSTAL JOY GRANT, as an Individual and as Representative of her child, C.A.G.,<br>　　　　Defendants. | CV 24–39–M–DLC<br><br>ORDER |

Before the Court is Plaintiffs Safeco Insurance Company of America and Safeco Insurance Company of Illinois's (collectively, "Safeco") motion for summary judgment. (Doc. 35.) For the reasons herein, the motion is GRANTED.

**FACTUAL BACKGROUND**[1]

I.   **The Policies**

Safeco Insurance Company of Illinois issued Montana Essential Personal Auto Policy No. M1831277 to Craig McBeath for the policy period April 2, 2023

---

[1] This section consists of those facts which are undisputed or have been deemed substantively undisputed by the Court. Defendants dispute to several statements of fact to the extent that the statements are selective and incomplete excerpts of the insurance policies at issue. The Court assures the parties that it has read the relevant portions of the policy in totality and therefore deems the facts as substantively undisputed.

- 1 -

to April 3, 2024 (the "Auto Policy"). The Auto Policy excludes liability coverage for "[b]odily injury or property damage arising out of a criminal act or omission of the insured. This exclusion applies regardless of whether that insured is actually charged with, or convicted of, a crime. However, this exclusion does not apply to traffic violations." The Auto Policy further excludes coverage for "[a]ny insured who intentionally causes bodily injury or property damage."

Safeco Insurance Company of America issued Safeco Homeowners Policy No. OM2688514 to Craig McBeath for the policy period April 4, 2023 to April 4, 2024 (the "Homeowners Policy"). The Homeowners Policy "do[es] not apply to bodily injury or property damage . . . which results from violation of criminal law committed by, or with the knowledge or consent of any insured. This exclusion applies whether or not any insured is charged or convicted of a violation of criminal law, or local or municipal ordinance."

Safeco Insurance Company of America issued Montana Personal Umbrella Policy No. UM2648169 to McBeath for the policy period April 3, 2023 to April 3, 2024.

## II.    The Demand Letter

On January 9, 2024, counsel for Defendant Valerie Ann Baldo and her two minor daughters sent a demand letter to Safeco. The letter stated, in pertinent part, the following:

This office represents Valerie Baldo and her two minor daughters with regard to a September 30, 2023 motor vehicle collision that occurred in Lolo, Montana with Safeco's insured, Craig McBeath. The accident severely damaged Ms. Valdo's home, an RV trailer, making it unhabitable. Ms. Baldo and her children have been forced to live in hotels and various other locations for months now as they search for a new home. Please consider this letter a demand for Safeco to provide coverage for the negligent acts of its insured and to provide payment for all the expenses incurred by Ms. Baldo that were directly caused by the accident.

On September 30, 2023, during the mid-morning, Mr. McBeath drove his truck at a high rate of speed directly into a parked camp trailer behind the Travelers Rest gas station in Missoula County, MT. Mr. McBeath then exited his truck, pulled out a rifle and began firing at the trailer home. The trailer home was spun 90 degrees from its original placement and knocked backwards by approximately 30 feet. The trailer home belonged to Valerie Baldo, who was not present at the time of the collision. Valerie's two young daughters were present in the home, along with a friend. Mr. McBeath had no prior connection to the trailer home, to Ms. Baldo, or to anyone who lived in this small park behind the gas station.
. . .
Shortly after this accident, Mr. McBeath spoke to a 911 dispatcher from the telephone of the gas station. When asked by the dispatcher why he drove into the trailer, he replied "I have no idea. Something compelled me. I left my house and (inaudible) and got in my truck and I drove as fast I could to get there."

Later, when Mr. McBeath was questioned by police officers about why he was driving the truck so fast and whether he caused any other accidents Mr. McBeath replied: "The only accident was me hitting the trailer." He further stated that he believed his ex-girlfriend and her new boyfriend were coming to attack him. His ex-girlfriend told the police that Mr. McBeath was having a mental breakdown and that she was not having an affair and did not have a current boyfriend. The ex-girlfriend said that she believes Mr. McBeath does not know why he did what he did and that when he has psychotic episodes, he often does not remember what happened.

As previously stated, the trailer home belonged to Valerie Baldo, who was not present at the time of the collision. Valerie's two young daughters were present in the home, along with a friend. All of the girls were between 10 and 12 years old. The girls were physically injured and emotionally traumatized.

As of December 6, 2024, Safeco has made advance payments to Baldo totaling $39,141.22. Baldo has not yet presented a settlement demand or filed a lawsuit against McBeath, but her counsel has represented that once they have "all of the available information and documentation regarding these very significant claims we will submit a settlement proposal to Safeco." On November 8, 2024, Crystal Grant made a $50,000 settlement demand to Safeco for her minor daughter C.A.G.'s personal injury claim against McBeath. Grant has not yet filed a lawsuit against McBeath.

Safeco filed this action on April 4, 2024, seeking a declaratory judgment that it had no duty to defend or indemnify McBeath. (Doc. 1.) On April 4, 2025, Safeco filed the present motion for summary judgment, arguing that it is entitled to declaratory relief as a matter of law. (Doc. 35.)

## LEGAL STANDARD

The Court can resolve an issue summarily if "there is no genuine dispute as to any material fact" and the prevailing party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual

dispute is genuine when there is sufficient evidence for a reasonable factfinder to return a verdict for the other party. *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). With these principles in mind, the Court turns to the merits of the issues presented.

## DISCUSSION

Because this Court is exercising its diversity jurisdiction over this matter, Montana's substantive law applies. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003). Under Montana law, "[t]he interpretation of an insurance contract is a question of law." *Park Place Aptartments, L.L.C. v. Farmers Union Mut. Ins. Co.*, 247 P.3d 236, 239 (Mont. 2010). "When a court reviews an insurance policy, it is bound to interpret its terms according to their usual, common sense meaning as viewed from the perspective of a reasonable consumer of insurance products." *Steadele v. Colony Ins. Co.*, 260 P.3d 145, 149 (Mont. 2011). When an insurance policy is ambiguous, it should be interpreted in favor of extending coverage for the insured; but if "the language of a policy is clear and explicit, the policy should be enforced as written." *Id.*

## I. Federal Rule of Evidence 410

As a threshold matter, the Court must determine whether Federal Rule of Evidence 410 precludes the Court's consideration of certain facts provided by Safeco, which describe the criminal proceedings against McBeath and the criminal investigation on McBeath's actions. Rule 410 provides, in relevant part:

> Pleas, Plea Discussions, and Related Statements
> (a)Prohibited Uses. In a civil . . . case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: . . .
> (2) a nolo contendere plea;
> (3) a statement made during a proceeding on either of those pleas under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
> (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

First, the Court notes that Rule 410 only precludes evidence if it is used against the criminal defendant, McBeath. But here, Safeco seeks to use the evidence in dispute against both McBeath and the claimants. Even if the Court were to find the evidence was inadmissible as to McBeath, it would still be admissible as to the other Defendants. Second, the rule does not preclude evidence of a criminal conviction, or a sentence imposed for a criminal conviction. Defendants do not dispute that McBeath was sentenced for his assault with a weapon and negligent endangerment convictions, they simply argue that the evidence is inadmissible. (*See* Docs. 41 at 11; 43 at 16–17.) Third, the rule does

not preclude evidence of criminal investigations that led to the nolo contendere plea. Because the language of Rule 410 does not support Defendants' arguments, the Court finds the evidence of McBeath's convictions, as well as evidence of the various reports and statements made by law enforcement, admissible.

I.     **Criminal Act Exclusion**

Safeco argues that McBeath's conduct falls within the language in all three policies which excludes coverage for bodily injury or property damage "arising out of" or "result[ing] from" the insured's "criminal act or omission" or "violation of the criminal law." (Doc. 36 at 20.)

In response, McBeath accuses Safeco of lumping McBeath's actions into one act and urges the Court to analyze the allegations as two separate and distinct acts: driving into the trailer and shooting the camper trailer and bar window. (Doc. 40 at 6–8.) Baldo and Grant, for their part, argue that negligent endangerment and assault with a weapon "are reasonably understood to be 'traffic violations' or 'violations of a motor vehicle law,' when a vehicle is the instrumentality that was involved in the commission of the alleged crimes." (Doc. 42 at 19–20.)

The Court finds that neither the negligent endangerment nor the assault with a weapon convictions can reasonably be understood as traffic violations or violations of a motor vehicle law. To evidence this conclusion, the Court highlights that negligent endangerment and assault with a weapon are codified at Montana

Code Annotated §§ 45-5-208 and 45-5-213 in Part 2, titled "Assault and Related Offenses." Meanwhile, traffic offenses are found within Chapter 8, Title 61 of the Montana Code Annotated, titled "Traffic Regulation." Therefore, the Court finds that the underlying criminal conduct that resulted in McBeath's convictions for negligent endangerment and assault with a weapon fall within the criminal act exclusions, and Safeco is entitled to summary judgment as a matter of law.

II.     **Intentional Act Exclusion**

Next, Safeco argues that it has no duty to indemnify McBeath because McBeath's actions were intentional and therefore there was no accident or occurrence that would trigger coverage. (Doc. 36 at 24–29.) In response, Defendants argue that McBeath had a diminished capacity the day of the underlying events highlighting that McBeath stated that he had "no real recollection of the events of that day." (Docs. 40 at 6; 43 at 12.) The Court finds that McBeath's actions fall within the intentional act exclusion.

In Montana, an event constitutes an "occurrence" where "the resulting harm was within the expectation or intention of the insured from his standpoint," even if the resulting harm was "not specifically intended by the insured." *Emps. Mut. Cas. Co. v. Fisher Builders, Inc.*, 371 P.3d 375, 378 (Mont. 2016). As this Court has explained, the inquiry is not whether the insured subjectively intended harm, but rather, "what an objective examination reveals about his intent." *Homesite Ins. Co.*

*of the Midwest v. Frost*, No. 2020 WL 5369847, at *6 (D. Mont. Sept. 8, 2020). Here, Missoula County Sheriff Detective Lieutenant Kennedy reported that it was "reasonable to believe McBeath drove along the grassy area in order to build up enough speed to impact the trailer hard enough to move the trailer as far as he did." (Docs. 41 at 7; 43 at 10.) Further, McBeath himself admitted that he intended to shoot the gun at the trailer. (Docs. 41 at 4; 43 at 6.) Based on Detective Kennedy's observations and McBeath's admissions, the Court finds that McBeath intended the harm at issue and therefore, Safeco has no duty to indemnify McBeath as a matter of law.

### III. Public Policy

Baldo and Grant argue that Safeco's intentional act and criminal act exclusions violate public policy and are therefore void and unenforceable as a matter of law. (Doc. 42 at 4.) However, as this Court has explained, "in Montana there is an unmistakable public policy against . . . indemnification for criminal acts." *Frost*, 2020 WL 5369847, at *5. Similarly, in Montana, public policy "forbids contracts indemnifying a person against loss resulting from his own willful wrongdoing." *Mut. Serv. Cas. Ins. Co. v. McGehee*, 711 P.2d 826, 828 (Mont. 1985). As such, Baldo and Grant's argument must be rejected.

## CONCLUSION

Coverage for McBeath's actions is excluded under the criminal act exclusions of the Policies and the intentional act exclusion of the Auto Policy. These exclusions do not violate public policy.

Accordingly, IT IS ORDERED that the motion (Doc. 35) is GRANTED. Summary judgment is entered in favor of Safeco. The Clerk of Court is directed to close this case file.

DATED this 28th day of August, 2025.

_____
Dana L. Christensen, District Judge
United States District Court